Dear Mr. Mixon:
On behalf of the Town of Columbia, you have requested the opinion of this office regarding a sales and use tax proposition recently approved by the voters of Caldwell Parish. You have advised that statutory authority for the tax can be found at R.S. 33:2738.77. The proposition states, in pertinent part:
 "Shall the Parish of Caldwell, State of Louisiana (the "Parish"), . . . be authorized to levy and collect . . . an additional tax of one per cent (1%) . . . upon the sale . . ., the use, . . . all as defined in La. R.S. 47:301 through La. R.S. 47:317, with the proceeds of the Tax . . . to be dedicated and used for the following purposes:
 75% for paying the cost of collecting and disposing garbage and solid waste within the Parish, including all costs associated with a solid waste recycling program . . ."
It is our understanding that the Town of Columbia currently provides all services in connection with solid waste to its municipal citizens. As we understand your letter, the solid waste disposal services referred to in the above-quoted proposition will not be provided to municipal citizens by the Parish.
Your request asks that this office examine two issues:
(1) May a parish impose a sales tax within a municipality when the proceeds of the tax will not be used to provide services within the municipality?
(2) If a municipality is providing (to municipal citizens) the services referred to in the proposition, is the municipality or the parish entitled to collect the proceeds of the tax within the corporate limits of the municipality?
In answer to your first question, it is the opinion of this office that the Parish of Caldwell may levy the above described sales and use tax within the City of Columbia, even if the services to be provided by the revenues generated from the tax will not be provided within the municipality.
A Parish may levy and collect sales taxes parish-wide, including areas within municipalities, as long as all qualified voters within the parish (including those residing in municipalities) are given the opportunity to participate in the election, and as long as a majority of the voters participating in the election approve the tax. R.S. 18:1290. Furthermore, R.S. 33:4169.1 provides the governing authority of every parish the power to regulate and engage in the collection and disposal of garbage and trash within its jurisdiction.
Our research did not reveal any authority which would prohibit a Parish from levying and collecting a sales and use tax within a municipality, merely because the municipality provided the services referred to in the proposition to its own citizens. Indeed, the Supreme Court of the United States has observed:
 "Nothing is more familiar in taxation than the imposition of a tax upon a class or upon individuals who enjoy no direct benefit from its expenditure, and who are not responsible for the condition to be remedied." Carmichael v. Southern Coal Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937).
In answer to your second question, it is the opinion of this office that the Parish, and not the City, is entitled to collect sales and use tax proceeds generated within the municipality pursuant to the above described parish tax proposition and tax ordinance.
I am enclosing herewith a copy of Opinion No. 92-216, which addresses the issues raised by your second question. For the reasons stated, and in accordance with the authorities cited therein, it is the opinion of this office that sales tax revenues cannot be divided between the Parish and the City unless the voters have approved of the division of the proceeds and the allocation of the proceeds at an election called for that purpose.
Please note that Opinion No. 92-216 recognizes the ability of the Parish and the City to enter into an intergovernmental agreement regarding the collection of solid waste and recyclables. Perhaps the Parish and the City could agree to share their resources and responsibilities in connection with solid waste disposal, to the benefit of both entities.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv 263n